UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRUCE FERRELL,                                :
                                              :
    Plaintiff                                 :
                                              :
  v.                                          : CIVIL NO. 3:CV-01-0924
                                              :
JEFFREY A. BEARD, ET AL.,                     : (Judge Kosik)
                                              :
    Defendants                                :

## Memorandum and Order

### Background

    This civil rights action filed pursuant to 42 U.S.C. § 1983 has been pending for quite some time. In the action Bruce Ferrell, an inmate confined at the State Correctional Institution at Fayette, Pennsylvania, contends that various defendants at the Department of Corrections and the State Correctional Institution at Camp Hill, Pennsylvania, deprived him of his legal and religious property as well as illegally housed him in the infirmary and Special Management Unit in retaliation for smearing feces and urinating all over himself and his cell. Due to the deprivation of his legal materials, Ferrell alleges that he had cases dismissed and also was prevented or delayed from filing other lawsuits. Progress in this case has been slow due to the voluminous number of motions filed by plaintiff in this case, many of which have not been in proper form, as well as the failure of defendants to respond not only to the motions, but also to orders issued by this court directing responses to motions.

Settlement efforts were attempted without success.  The present posture of the case is that defendants were suppose to have finalized their responses to outstanding discovery requests by August 10, 2005.  On July 15, 2005, the court had issued an Order granting a motion seeking an enlargement of time by defendants within which to respond to discovery.  The August 10, 2005 deadline was imposed by the court in response to the motion.  (Doc. 106.)

Presently pending are some miscellaneous motions that had been filed by plaintiff several months ago.  Due to the passage of time and subsequent orders issued by the court in this case, these motions will be addressed by the court with little elaboration.

**Discussion**

Pending in this matter is a motion filed by plaintiff seeking the appointment of counsel in this matter.  (Doc. 90.)  Subsequent to the filing of this motion, however, plaintiff moved to withdraw the motion.  On February 23, 2005, the court granted his request.  As such, this motion has previously been addressed by the court.  The Clerk of Court will be directed to make the appropriate correction on the docket.

Also pending are several requests by plaintiff for a discovery conference in this matter.  (Docs. 89, 91, 93 and 98.)  In these motions, plaintiff requests to be transported to the court for a discovery conference and/or an order from the court directing defendants to appear in court to produce documents allegedly requested from defendants.  These requests were all filed some time ago.  Since the filings, the court has directed the filing of reports by the parties as to the status of discovery and even directed defendants to respond to outstanding discovery

requests made by plaintiff. On July 11, 2005 defendants filed a motion requesting an enlargement of time within which to respond to outstanding discovery. The request was granted on July 15, 2005, and defendants directed to submit their responses on or before August 10, 2005. Since the issuance of this order, plaintiff has not filed any motions complaining that he has not received the outstanding discovery. As such, the court will presume that all outstanding discovery has been received by plaintiff and will impose a dispositive motions deadline.

**ACCORDINGLY, THIS 13th DAY OF SEPTEMBER, 2005, IT IS HEREBY ORDERED AS FOLLOWS:**

1. In accordance with this court's previous order of February 23, 2005, plaintiff's motion for the appointment of counsel (Doc. 90) is deemed withdrawn. The Clerk of Court shall make the appropriate correction to the docket.

2. Plaintiff's motions for a discovery conference and/or to have defendants produce discovery documents to the court (Docs. 89, 91, 93 and 98) are deemed moot.

3. Within twenty (20) days from the date of this Order, the parties shall file any dispositive motions. Failure to file dispositive motions within the prescribed time period will result in the matter being scheduled for trial.

                                                s/Edwin M. Kosik
                                            United States District Judge

EMK:lq