UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE FERRELL, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 3:CV-01-0924 |
| JEFFREY A. BEARD, ET AL., | : (Judge Kosik) |
| Defendants | : |

**M E M O R A N D U M**

**Background**

This civil rights action pursuant to 42 U.S.C. § 1983 is currently in the posture where while discovery has been closed for quite some time, discovery disputes have stalled the progress of the litigation. The gist of the claims before the Court are as follows. Plaintiff was transferred from the State Correctional Institute at Greene to the Special Management Unit at the State Correctional Institution at Camp Hill (SCI-Camp Hill) in November of 1999 in response to his uncooperative and dangerous behavior while at SCI-Greene. The consolidated complaint sets forth allegations challenging Plaintiff's transfer to the SMU at Camp Hill, the deprivation of legal property while in the SMU, retaliation by the Defendants due to Plaintiff's repeated smearing of feces all over his SMU cell, and his placement in the infirmary at times during his SMU stay for purposes of psychiatric observation. Plaintiff also appears to challenge his eventual transfer from the SMU to the Long Term Segregation Unit at the State Correctional Institution at Pittsburgh, and the failure to ship

1

free of charge ten (10) boxes of personal property.[1]  While Defendants have filed a motion for summary judgment which is presently pending, discovery issues must first be resolved to determine whether the motion can be ruled upon, or whether supplemental submissions are warranted.[2]  The purpose of this Memorandum is to sort through the tangled web of discovery conflict, and move this case one step closer to resolution.  Pending are three (3) motions filed by Plaintiff for sanctions/to hold Defendants in contempt (Docs. 113-115), as well as Plaintiff's two (2) motions to compel discovery (Docs. 126, 136).  Complicating the matter is the fact that Defendants have failed to respond to these discovery motions.  Adding yet another layer of confusion are the "Motions to Submit Exhibits" (Docs. 133, 137) filed by Plaintiff which appear to relate to his pending discovery motions, as well as motions to stay consideration of the summary judgment motion filed by both parties.  (Docs. 119, 124, 135 and 144.)

**Discussion**

    **A.**    **Plaintiff's Motions for Sanctions/for Contempt (Docs. 113-115)**

Presently before the Court are three motions filed by Plaintiff wherein he challenges Defendants' responses to Requests for Admissions served upon them on or about February 24, 2003.  Plaintiff first argues that Defendants did not even begin responding to his requests until March 25, 2004, and that the final responses did not come until April 24, 2004.  Even assuming this is true, Plaintiff never filed any motions to compel challenging Defendants' alleged delay in responding and he now has the responses, even though he disagrees with them.   It appears that each motion for

---

[1] Plaintiff was allowed to take two (2) boxes at prison expense but the remaining ten (10) boxes would have to be shipped at Plaintiff's own expense.  Because Plaintiff carried a negative balance in excess of $1400.00 in his inmate account which resulted from legal postage charges, Defendants refused to ship the excess property due to insufficient funds.

[2] While Plaintiff has submitted opposing briefs/exhibits to the summary judgment motion, both Defendants and Plaintiff have requested a stay with regard to decision on the motion due to pending discovery motions.

sanctions/for contempt challenges a set of Requests for Admissions directed to a different Defendant or group of Defendants. While Plaintiff fails to attach an actual copy of his Requests to any of the three pending motions, he does try to reiterate his requests within the body of his motions/briefs.[3] Plaintiff only attaches two of the challenged Responses to Requests for Admissions to his motions - one is the Response received from Defendant Maeyer (Doc. 114 at 4), and the other is the Response received to the Admissions requested from Defendants Dragovich, Novotney and Palakovich. (Doc. 115 at 6-7.) Plaintiffs sole challenge to the responses is that he believes them to be untruthful, and requests the Court to review all documents obtained during discovery to prove the untruthfulness of Defendants' responses to his requests.

      Federal Rule of Civil Procedure 36(a) provides:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact.

Fed. R. Civ. P. 36(a). Rule 36 permits the following responses to a request for admission: (1) an objection on the grounds that the matter demanded to be admitted is beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1), i.e., the admission will yield neither admissible evidence nor information that "appears reasonably calculated to lead to the discovery of admissible evidence;" (2) an admission; (3) a denial; (4) a detailed explanation why the matter can be neither admitted nor denied; or (5) a good faith qualified admission that admits certain matters, if possible, but denies or gives a qualified answer to the rest. Fed. R. Civ. P. 36(a).

      Rule 36(a) further provides:

> The party who requested the admissions may move to determine the

---

[3] While Plaintiff does not submit separate briefs in support of his motions, he does label each document as a "Motion Brief" and does cite case law within each motion.

>sufficiency of the answers or objections.  Unless the court determines that an objection is justified, it shall order that an answer be served.  If the court determines that an answer does not comply with the requirements of the rule, it may order that the matter is admitted or that an amended answer be served.

Fed. R. Civ. P. 36(a).  Rule 36(a) "allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters."  In re Carney, 258 F.3d 415, 419 (5th Cir. 2001)(citations omitted).  In this regard, it is well-established that requests for admissions are not discovery devices.  Rather, they are designed to narrow the issues for trial.  National Semiconductor Corp. v. Ramtron International Corp., 265 F. Supp.2d 71, 74-75 (D.D.C. 2003).

In each of his pending motions to compel/for sanctions, Plaintiff challenges specific denials by Defendants to various Requests for Admissions by stating that "Defendants' denials are untrue."  He does not claim that Defendants have failed to respond or that they have issued incomplete responses, he exclusively challenges the truthfulness of the denials.  In reviewing the two copies of Responses by Defendants that Plaintiff did submit, it is clear that Defendants either answered "Admitted" or "Denied" for almost every Request, with the exception of one or two Requests wherein they Admitted part and Denied part of the Request.  Obviously, Plaintiff does not challenge any of the responses which Defendants answered "Admitted."   The subject matter which underlies the challenged responses is the crux of this case.   A specific denial is a permissible response under Fed. R. Civ. P. 36(a).  The issues will be litigated pursuant to the summary judgment motion which is currently pending.  There is no basis for concluding that the Defendants lacked a good faith basis for the denials.  They are appropriate responses under Rule 36(a) and as such, Plaintiff's motions will be denied.

**B.     Motions to Compel Answers to Interrogatories/Requests for Production**

On the docket there appear to be two documents filed by Plaintiff labeled as motions to

4

compel discovery (Docs. 126, 136) and three motions to enter exhibits which appear to be related to the motions to compel (Docs. 133, 137.)  In reviewing all of these submissions, it first seems that Document 126 is simply an incomplete version of Document 136.  The motion to compel which was filed by Plaintiff as Document 126 is missing every other page.  The motion to compel filed as Document 136 seems to be the complete version of the motion.  As such, Document 126 will be dismissed as moot, and Document 136 will be addressed by the Court as Plaintiff's motion to compel.  With regard to the two pending motions to consider exhibits, the Court will grant the motions, and consider the attachments in ruling on the pending motion.

In the motion to compel, Plaintiff states that on August 10, 2005, he received responses from Defendants to Interrogatory/Request for Production of Document requests he had served.[4]  While Plaintiff's motion to compel is very confusing to follow, it appears after several readings that in responding to the requests, Defendants stated that they would produce documents in response to Requests #2- 6, and #8-11.  Defendants informed Plaintiff that he could obtain the documents from the Superintendent's Assistant at the prison however, when Plaintiff attempted to do so, the prison official informed Plaintiff he knew nothing about producing any documents to him.  Plaintiff believes that this was yet another tactic employed by Defendants to stall the progress of this action.[5]  Plaintiff also appears to challenge Defendants' responses to some of the requests.  He claims that he has attempted to informally resolve this matter by sending correspondence to defense counsel

---

[4] Plaintiff does not submit with his motion an actual copy of the discovery requests served or the responses thereto.  Rather, he reiterates his requests and the responses within the body of his motion to compel.  It does not seem that he served separate Interrogatory questions and Requests for Production of Documents on Defendants.  It appears that one discovery request was served consisting of fifteen (15) requests which were a combination of interrogatory questions and requests for the production of any documents relating to the questions.

[5] Plaintiff submits as an exhibit a copy of his request dated September 8, 2005 to the Superintendent to obtain the documents promised by Defendants (Doc. 133). In response, Plaintiff is informed that nothing was received by the Superintendent with regard to this matter.

requesting various clarifications, however he has received no response.[6]

Sorting through the pending motion to compel is complicated by several factors. First, the motion was filed on November 21, 2005, and no response was ever filed by Defendants. Since that time, Defendants have filed a motion for summary judgment with a brief and documents in support thereof. Thereafter, Plaintiff filed a motion to stay the summary judgment motion (Doc. 124) and motions for enlargement of time to respond to the summary judgment motion (Docs. 119, 135) due to the outstanding discovery issues. Adding another layer of confusion is the fact that despite these filings and the outstanding motion to compel, Plaintiff has submitted several documents opposing the summary judgment motion including briefs, an opposing statement of material facts and most recently, a large stack of exhibits[7]. (Docs. 132, 163.)

In reviewing the record as a whole, the Court has arrived at the conclusion that the discovery sought by Plaintiff in his motion to compel has either since been obtained by Plaintiff, is irrelevant or is not necessary to oppose the summary judgment motion filed by Defendants. The Court arrives at this conclusion on the basis of several facts. First, in moving for a stay of the summary judgment motion on February 7, 2006, Defendants state that they will contact Plaintiff to ascertain what discovery he believes is still outstanding. (Doc. 144 at 2.) Since the filing of this motion, instead of continuing to pursue his discovery challenges, Plaintiff has submitted his opposition to the summary judgment motion including briefs, a statement of opposing facts and exhibits. Thus, it would appear that the discovery issues have been resolved, and the case back in a posture to have the summary

---

[6] Also submitted as an exhibit are copies of Plaintiff's correspondences dated August 31, 2005 and September 2, 2005, sent to defense counsel Gwen Mosley attempting to resolve the discovery issues. (Doc. 137.)

[7] The exhibits submitted in opposition to the summary judgment motion do not appear to have a docket number. It is possible they may be docketed in conjuction with some other motion previously filed by Plaintiff. As such, the Court will direct the Clerks Office to make these submissions part of Document 163, Plaintiff's opposing statement of material facts.

judgment motion resolved.  Further, in scanning the briefs submitted by Plaintiff in opposing the summary judgment motion, he not only addresses the merits of each of his claims in attempting to defeat summary judgment, but also submits numerous exhibits in support of his position.  When considering the motion for summary judgment, if the Court is of the opinion at any time that Plaintiff still contends he was deprived of discovery responses which are relevant to any of the issues, resolution of those issues will be stayed pending consideration of the discovery challenge and an opportunity for the filing of further dispositive motions with regard to those issues.  In light of this finding, the motion to compel and motions to stay discovery will be denied as moot.  A separate Memorandum and Order addressing the summary judgment motion will be issued by the Court in due course.  An appropriate Order is attached.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE FERRELL, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-01-0924 |
| | : |
| JEFFREY A. BEARD, ET AL., | : (Judge Kosik) |
| | : |
| Defendants | : |

## **O R D E R**

      **AND NOW, THIS 11th DAY OF SEPTEMBER, 2006,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's motions for sanctions/contempt (Docs. 113, 114 and 115) are **DENIED**.

2. Plaintiff's motion to compel (Doc. 126) is **DISMISSED AS MOOT.**

3. Plaintiff's motions to enter exhibits (Docs. 133, 137) are **GRANTED**.

4. Plaintiff's motion to compel (Doc. 136) is **DENIED AS MOOT**.

5. All pending motions to stay consideration of the summary judgment motion/for enlargements to oppose the summary judgment motion due to discovery issues (Docs. 119, 124, 135 and 144) are **DENIED AS MOOT.**

                                            s/Edwin M. Kosik
                                            United States District Judge